## Nicholson v. The State.

The offense of an attempt to commit subornation of perjury is not proved unless it affirmatively appears that the accused attempted to procure another to give false testimony, in a matter material to the issue or point in question, in some particular and specified judicial proceeding. A mere attempt to induce another to swear falsely as to a given matter is not, of itself and without more, sufficient to constitute the offense in question.

January 27, 1896.

Indictment for an attempt at subornation of perjury. Before Judge Milner. Bartow superior court. July term, 1895.

*J. W. Harris, Jr.*, for plaintiff in error.

*A. W. Fite, solicitor-general*, and *A. S. Johnson*, contra.

Lumpkin, Justice.

Perjury consists in wilfully, knowingly, absolutely and falsely swearing (or affirming) as to a matter material to the issue or point in question in some judicial proceeding, by one to whom a lawful oath or affirmation has been administered. Code, §4460. Subornation of perjury consists in procuring another to commit this crime. Code, §4464. An attempt to commit subornation of perjury consists in attempting or endeavoring to induce another to do an act which, if committed, would itself amount to perjury.

The indictment in the present case alleged that a barn had been wilfully and maliciously burned; that on a day stated, the accused attempted "to commit the crime of subornation of perjury, by then and there unlawfully, wilfully, wickedly and feloniously soliciting and offering to John Whittier one hundred dollars to wilfully, knowingly, absolutely and falsely swear that one Henry Pope burned the said barn, when in truth and in fact the said Henry Pope did not burn the said barn, and [the accused] then and there well knew it."

For the purpose in hand, it may be conceded that the evidence established the truth of the charge as laid, though it certainly did not go further. The State's case, both as to allegation and proof, completely failed, for the reason that it was neither charged nor proved that the accused endeavored to procure Whittier to do the false swearing in a judicial proceeding. Hence, it does not appear that the act which the accused attempted to procure Whittier to commit would have amounted to the crime of perjury, if such attempt had resulted successfully. It does not appear that Henry Pope had been indicted for the arson, or that any trial of him for this offense was in contemplation, or that the false swearing which the accused wanted Whittier to do was to take place at such a trial. All it was shown that the accused attempted was simply to get Whittier, at some time, in some manner and in some place not stated, to swear to something which was false. This does not, by any means, make out the offense of an attempt to commit subornation of perjury. A mere loose and general attempt to induce another to swear falsely is not sufficient, but the attempt must have reference to some particular and specified judicial proceeding.                *Judgment reversed.*