## BARNWELL v. HANNEGAN.

1. "The right of cross-examination, thorough and sifting," which "belongs to every party as to the witnesses against him," should not be abridged, especially where the witness is the opposite party to the cause on trial, and has testified for the purpose of making out his own case.
2. Where an effort has been made to impeach a witness by proof of

his general bad character, and another witness is offered for the purpose of sustaining him, the questions to be asked the sustaining witness, on his direct examination, are those which are prescribed in section 5293 of the Civil Code.

Submitted June 24, — Decided July 21,1898.

Complaint on account. Before Judge Atkinson. City court of Brunswick. November term, 1897.

*Johnson & Krauss,* for plaintiff in error.

*J. D. Sparks,* contra.

FISH, J. We are not disposed to disturb the judgment below upon the ground that the verdict rendered was contrary to the evidence; and but for the errors committed by the court during the progress of the trial, we should let the verdict stand. The plaintiff in the lower court sued the defendant upon an open account, a part of which was for 224 days work, at $1.00 per day. The bill of particulars attached to the petition, and the plaintiff's evidence, showed that he did not claim that he was hired by the defendant for a definite period of service, nor that he was employed by the week, by the month, or the year; but his claim was that he was to work for the defendant whenever his services were desired by the latter, and to be paid at the rate of one dollar per day, whenever he did so work. It is alleged in the motion for a new trial, that the court erred in excluding certain questions which were propounded, on cross-examination, by counsel for the defendant to the plaintiff, who. was a witness in his own behalf. Counsel for the defendant asked the plaintiff the following question: "You say that the first work you did for Captain Barnwell was putting up a fence? Where was it, and how long were you engaged in building it, and what work did you do on the fence?" "The court refused to have the question answered, upon the ground that the defendant Barnwell had no right to go into particulars of the work of the plaintiff." Counsel for defendant also asked this witness, "What work did you do for the defendant, under the contract which you claim in this case, during the month of February, 1895.?" "The same question was asked with respect to each of the other months" in which plaintiff claimed to have worked for the defendant. "The court refused to compel or allow said

witness to answer any of or either of the said questions." The court made the same ruling with reference to the following questions: "What labor or work did you perform for the defendant, in order to earn the money you claim in this case as due you?" "What was the character of the work you did for the defendant, for which you say he was to pay you one dollar per day?" It does not appear that either of these questions was ruled out because it covered ground which had already been gone over upon cross-examination, but the court seems to have put its rulings upon the ground that the defendant had no right to go into particulars of the work which the plaintiff claimed to have performed.

We think the court erred in excluding these questions. "The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him." Civil Code, §5282. The rulings complained of tended to abridge, if not to destroy, this right. The questions were not irrelevant. A part of the plaintiff's cause of action was 224 days work for the defendant, performed at irregular times, at one dollar per day. According to the plaintiff's own theory, he was only entitled to recover for actual work performed by him for the defendant. He sued for eighteen days work in February, 1895, twenty-one days work in March, 1895, and so many days work in each of several other months. The defendant denied that the plaintiff worked for him at all. Whether the plaintiff worked during the month of February, 1895, and if so, whether he worked for the defendant, and if during that month he worked for the defendant, how many days he actually so worked, were all material questions. To force the defendant to accept the witness's statement that he worked, without allowing any details as to what he really did to be drawn from him on cross-examination, was to deny to the defendant the right to a thorough and sifting cross-examination upon the very matter in issue, viz., whether the plaintiff really worked for the defendant when he claimed to have so worked or not. The defendant was not bound to accept the witness's statement, or conclusion, that he worked for him, but was entitled to a disclosure of facts as to what the plaintiff really did, so that the jury trying the

case might determine whether what the witness called work was in fact work, and also, if work, whether it was work for the defendant. Suppose the plaintiff had testified that he worked for the defendant upon a certain day, would not the defendant then have had the right to ask him where he was on that day, what he did, and questions of a similar character ? Possibly it might be developed by such questions that the plaintiff did not work at all on that day, or, if he did work, he worked for himself or for some person other than the defendant. "It is the duty of the court both to protect the witness under cross-examination from being unfairly dealt with, and to allow a searching and skilful test of his intelligence, memory, accuracy, and veracity. As a general rule, it is better that cross-examination should be too free than too restricted." *Harris* v. *Central Railroad,* 78 *Ga.* 525-6. This general rule is particularly applicable where the witness under examination is a party to the cause of action, and is undertaking to make out his case by his own testimony.

2. One ground of the motion for a new trial is, "Because the court erred in refusing to allow the movant to sustain the witness Alice Westmoreland, by proof of her good character for truth and veracity, merely. It not being contended that her character in other respects was good. That movant produced a number of witnesses and offered to prove by them that they knew the said Alice Westmoreland, and knew her character for truth and veracity; that her character for truth and veracity was good, and that from that character they would believe her upon oath." Section 5293 of the Civil Code provides that "A witness may be impeached as to his general bad character. The impeaching witness should be first asked as to his knowledge of the general character of the witness, and next as to what that character is, and lastly he may be asked if, from that character, he would believe him on his oath. The witness may be sustained by similar proof of character." We understand the words, "The witness may be sustained by similar proof of character," taken in connection with the preceding part of this section, to mean that as the impeaching evidence must be in reference to the general bad character of the witness, and not as to his bad character for veracity, honesty, or any other separate

element of character, the sustaining evidence must be as to his general character, and not as to his character for truthfulness, honesty, or any other distinct constituent of character; and that the sustaining witness must, on direct examination, be asked the same questions which the law prescribes shall be propounded to the impeaching witness. As the party introducing the impeaching witness can not ask him what the general character of the witness sought to be discredited is for veracity, so the party introducing the sustaining witness can not propound to him this question. We know that in the United States courts and in other jurisdictions an impeaching or a sustaining witness, upon direct examination, may be asked whether he is acquainted with the general reputation of the other witness for veracity, what that reputation is, and whether from that reputation he would believe him upon oath; but our code specifies the questions to be propounded, and impliedly excludes all others. There was no error in the rulings of the court complained of in this ground of the motion.

*Judgment reversed. All the Justices concurring.*