## COOK *v.* THE STATE.

1. A witness sought to be impeached by proof of contradictory statements. can not be supported by proof that he made elsewhere other statements. consistent with his testimony on the stand.
2. A sale on a credit is a complete sale; and a sale of whisky without a license, on an agreement that the purchaser will pay for it with a hog, is contrary to the criminal law.
3. An admission or confession which apparently has reference to the matter under investigation is admissible in evidence, although it does not in terms state the time and place to which it refers.

Submitted December 18, 1905.—Decided January 12, 1906.

Accusation of selling liquor.   Before Judge Faircloth.   City court of Wrightsville.   November 20, 1905.

*J. B. Hicks* and *E. L. Stephens,* for plaintiff in error.

*B. B. Blount, solicitor,* contra.

LUMPKIN, J.   1. The principal witness on behalf of the State was Charles Bennett, who testified that he bought whisky from the defendant in July, 1905.   In the course of the examination it was developed that he had made to another person a statement conflict-ing with his evidence on the stand, and denying that he had bought whisky from Cook.   Thereupon the State, over objection, intro-duced evidence to show that he had stated to two other witnesses that he had bought whisky from Cook and owed him for it.   This was error.   It has sometimes been held, that where an effort has been made to impeach a witness by proof of statements inconsistent with his testimony given on the stand, it is admissible to sustain him by showing that on other occasions he made statements con-

sistent with such testimony. But other courts hold the contrary position. 1 Gr. Ev. (16 ed.) §469(b). The latter ruling, in our opinion, rests upon the sounder basis of reasoning. As said by Mr. Greenleaf, in referring to statements consistent with the testimony of the witness as being explanatory of statements not consistent with it, made at other times, "But, on the other hand, the latter in no sense explain away the former; the inconsistency on that occasion is just as damaging, even though the other story has been repeated a score of times." In this State the point has been directly passed upon in several cases. *Georgia R. Co.* v. *Oaks, 52 Ga.* 410(7); *Fussell* v. *State, 93 Ga.* 450; *Knight* v. *State, 114 Ga.* 48(3); *Atlanta, Knoxville & Northern R. Co.* v. *Strickland,* 116 *Ga.* 439. The circumstances under which such evidence might become admissible were discussed in *McCord* v. *State, 83 Ga.* 521, 531. If it were sought to show that the witness, in a certain conversation, made statements inconsistent with his testimony, it would be competent to prove all that he said in that conversation which would throw light on the question of whether his statements were in fact inconsistent or not.

2. Error is alleged on the ground that the court charged, in effect, that if the accused delivered to one Bennett whisky at an agreed price, and Bennett promised to pay for it by delivering to the accused a hog, the sale would be complete, although the purchaser may not have made the payment. We can not assent to the proposition that the sale of whisky on a credit is no sale at all. It would introduce an innovation into the law to declare that nothing was sold until paid for. Nor can we perceive that the fact that the medium of payment agreed upon was a hog would alter the principle. Selling liquor without a license is none the less prohibited because payment is to be made in pork. The accused apparently labors under the delusion that he ought not to be convicted for an illegal sale of whisky, because the purchaser has violated his promise to pay for it. Not having reaped the reward which he anticipated as a result of the unlawful sale, he appears to entertain the view that he should be relieved from punishment. The criminal law does not make an equitable adjustment with one who violates it, so as to excuse him if his crime has not been as profitable as he anticipated. The failure to receive the hog stipulated for, however disappointing to the vendor of the whisky, will not prevent his conviction for

selling it without a license. The case of *Crabb* v. *State*, 88 *Ga.* 584, relied on by counsel for plaintiff in error, is not in point. There whisky was sent by express "C. O. D.," and the sale was not complete until it was paid for and delivered. But the case of *Cook* and the case of *Crabb* are different. *McGruder* v. *State*, 83 *Ga.* 616.

3. A witness testified as follows: "I know Handy Cook. I heard him make a free and voluntary statement about selling whisky, on the 29th of October at Charles Bennett's house. He [meaning Handy Cook, defendant] then said old man Charles Bennett owed him for some whisky he had sold him, and that he was going to have his pay that day or die and go to hell. He did not say when nor where he had sold Charles Bennett whisky. I am related to Charles Bennett. I went to Charles Bennett's, and Handy was there. He asked me if it was not right for a man to pay his debts. I told him yes. I asked Handy if I owed him anything. He said, 'No, but these God damn negroes owe me for whisky and won't pay me. Old man Charles Bennett owes me a black sow pig, and I am going to have it to-day or die and go to hell.'" This was objected to, "because defendant did not specify in said statement any time or place when he sold Charles Bennett whisky." The court overruled the objection and admitted the evidence. If there is enough to indicate that the admission or confession has reference to the transaction under investigation, it is admissible, although the defendant fails to confess with complete specification.

As a new trial will be had, we refrain from expressing any opinion as to the evidence. *Judgment reversed. All the Justices concur.*