## ALLRED v. THE STATE.

BECK, J.  1. A declaration by the defendant to the officer having him in custody, which was in itself ambiguous, but which, in the light of facts and circumstances proved, the jury would have been authorized to find was in the nature of an incriminating admission, was properly admitted in evidence for consideration by the jury; and it was for them to decide, under proper instructions, whether the prisoner, in making such a declaration had reference to the criminal act with the commission of which he was charged. *Bryant* v. *State*, 97 *Ga*. 815; *Cook* v. *State*, 124 *Ga*. 653.

2. Where two persons are indicted jointly for an offense, evidence that a third person merely stated to one of them while under arrest that he had received a telephone message from the other, requesting the person so arrested to go along quietly and make no move, and not to do anything until the sender came, which would be the next morning, and that the person under arrest said nothing, but (in the language of the witness) "after he went on it seems like he said, 'Well, all right,' something like that, I think. This is the reply he made him;" such evidence was not sufficient to prove either that the message was actually sent or that the accused made any admission.

3. Particular transactions can not be inquired into to prove the bad character of a witness, except in cross examination in seeking for the foundation and extent of the witness's knowledge. Penal Code, §1027. Hence it was error for the court to allow a witness to be asked, over objection of counsel, if he "had ever bought any spurious money." And this error was prejudicial to the accused, it appearing that the witness was a material one for the defendant and that he refused to answer the question, shielding himself under his privilege.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Argued July 16,—Decided August 17, 1906.

Indictment for arson.  Before Judge Kimsey.  Dawson superior court.  May 21, 1906.

Richards bought from Thomas a hotel in the town of Dawsonville for $1,375.  Pending negotiations Richards procured a fire-insurance policy for $4,800 on the property.  He sent Allred to take charge of it after the trade with Thomas was finally closed, and on the night of the day that Allred took possession the house was burned.  Circumstances in evidence indicate an incendiary origin of the fire.  Allred and Richards were jointly indicted, the State's theory being that Allred set fire to the house in pursuance of a conspiracy between them.  Allred was tried and convicted. He excepted to the overruling of his motion for a new trial.  One of the grounds of the motion was that the sheriff of Dawson county (after testifying that he arrested Allred in Pickens county and

carried him to Dawson county) was allowed to testify that on this journey Allred asked him how much property Thomas had, and said, "I am not done with Dawsonville yet," and "I can shut it off." This was objected to on the ground that it was no confession in regard to the burning of the building, and was irrelevant. The other two material grounds of the motion are sufficiently stated in the second and third headnotes.

*F. C. Tate, N. A. Morris, R. R. Arnold,* and *A. W. Vandivere,* for plaintiff in error. *W. A. Charters, solicitor-general,* contra.