## LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al.*
### *v.* VARNER.

1. On the trial of a damage suit for personal injuries, testimony by the defendant's witness to the effect that, after ample opportunity, the plaintiff did not tell the witness that he was injured, or to the effect that the witness had not heard that the plaintiff was injured, is not inconsistent with and can not be impeached by testimony of the plaintiff's witness to the effect that on some occasion, not shown to be identical with that referred to by defendant's witness, the plaintiff did declare to such witness the fact that he had been injured. Declarations of the latter kind, not shown to have been made under such circumstances as to form a part of the res gestæ, nor in the presence of the defendant, are inadmissible as evidence at the instance of the plaintiff. When admitted over appropriate objection, if the conflict

of evidence is sharp on the issue as to whether the plaintiff was in fact injured, the error of admitting such evidence will require the grant of a new trial, on motion of the defendant.

2. In a suit against a railroad company for damages, where the petition alleges that the plaintiff was injured while in a freight-car, unloading freight into a wagon, and where the proof is that the plaintiff was injured while standing in the freight-car, with one foot out upon the wagon, engaged in an effort to remove a piece of machinery from the car into the wagon, there is no such variance between the proof and the allegations as would . prevent a recovery.

3. Upon other points wherein it was insisted that there was a variance between the proof and the pleadings, though conflicting, there was some evidence fully sustaining the allegations, thereby avoiding the question of variance.

Argued June 27, 1907.—Decided February 3, 1908.

Action for damages. Before . Judge Lewis. Morgan superior court. December 29, 1906.

*Joseph B. & Bryan Cumming* and *Foster & Foster,* for plaintiffs in error. *Williford & Middlebrooks,* contra.

ATKINSON, J. 1. This was an action to recover damages for personal injuries. On the trial a witness for the plaintiff was permitted to testify: "I asked him [Varner] what was the matter with him, and he said the train hurt him." Another witness was permitted to testify: "He, Varner, made complaint of the injury he had received the Saturday before at Rutledge by the railroad." The court admitted this evidence, over objection, as being in rebuttal of the testimony of other witnesses, who had stated that he had made no complaint to them of his injuries, and that they had never heard that he was injured. If the evidence admitted had showed that complaint was made to any of these witnesses or in their presence and hearing, it would have been in rebuttal of their evidence. But it does not rebut testimony by A that no complaint was made to him, to show that complaint was made to B; nor, when A. testifies that he never heard of a complaint, does it conflict with this to show that B had heard of such a complaint, unless A was present when it was made. Admissions or implied admissions may be introduced against a party. But this does not authorize evidence of self-serving statements made by him at other times and to other persons. That a party makes an admission at one time against his interest does not authorize proof of statements in his own favor, at other times and places, if not admissible on the theory of rebutting the testimony of wit-

nesses; which it was not in this case, as shown above. Nor were the statements any part of the res gestæ. In principle, this is quite similar to the evidence ruled inadmissible in *Cook* v. *State,* 124 *Ga.* 653, and *M'cBride* v. *Georgia R. & Electric Co.,* 125 *Ga.* 515 (4). The only question is, was the error in admitting the testimony of such character as to require an interference with the discretion of the trial court in refusing to grant a new trial. The allegations of injury on the one hand and denial on the other presented one of the vital issues involved in the case. Upon that question the conflict of evidence was sharp. The plaintiff had testified in his own behalf, and the credibility of his testimony was involved. Proof of the previous declarations bore directly upon these matters, and tended to give additional strength to the credibility of the testimony of the plaintiff. It may be that the jury attributed substantial weight to these declarations. It was impossible for the court, as a matter of law, to determine what effect they had upon the jury. Under these circumstances the error must be regarded as harmful, and the judgment reversed on this ground. See *Savannah Ry. Co.* v. *Holland,* 82 *Ga.* 257; *Augusta R. Co.* v. *Randall,* 79 *Ga.* 304 (3); *Atlanta St. R. Co.* v. *Walker,* 93 *Ga.* 462.

2. It was alleged, in substance, that, by authority of the defendant's agent, the plaintiff went into a certain freight-car of the defendant, standing on the side-track, for the purpose of removing therefrom certain freight and loading it on to a wagon brought there to receive it; that while so engaged, "and just as he was placing the freight in the wagon," an eastbound local freight-train on the defendant's line of road, by means of a running or flying switch, sent a car in upon the side-track at a rapid rate, which ran against the car "in which petitioner was," giving it a sudden jolt, causing it to move thirty feet, throwing petitioner from the car, "in and on which he was standing," and causing him to fall "between the side of the car, then moving, and the wagon standing beside to receive the freight," and inflicting personal injuries. The proof was that the freight consisted of machinery, and that the plaintiff, standing with one foot in the car and the other resting on the wagon, was making an effort to remove the machinery from the car to the wagon at the instant of the collision. In the motion for new trial the defendant makes the

point that there is such variance between the allegations and the proof, relative to plaintiff's position at the time of the injury, as to prevent a recovery. It was insisted that the affirmative and uncontradicted proof that the plaintiff had one foot resting on the wagon was inconsistent with the allegation that he was in the car; and this is relied upon as showing such variance as would prevent a recovery. We can not agree that this makes a substantial variance between the proof and the pleadings. The allegations informed the defendant that the plaintiff was in the car, but engaged in unloading freight from the car into the wagon. Such employment would naturally involve his being in and out of the car. Standing in the position with one foot on the wagon and the other in the car, it could not be said that the plaintiff was wholly out of the car. Such position could be readily anticipated from the performance of such service as that in which it was alleged by the petition he was engaged. If another suit should be instituted by the plaintiff, alleging the facts introduced in evidence upon the trial of this case, the allegations of the petition in the present case would enable the defendant to plead a former judgment in defense of the second action. In 22 Enc. Pl. & Pr. p. 537, it is said: "The rule that the allegations and proof must correspond is intended to answer the double purpose of distinctly and specifically advising the opposite party of what he is called upon to answer, so as to enable him properly to make out his case and to prevent his being taken by surprise in the testimony at the trial, and of preserving an unerring record of the cause of action as a protection against another proceeding based upon the same cause." Applied to the case at bar, this rule completely answers the contention that there was a substantial variance between the proof and the pleadings with regard to the position of the plaintiff at the time of the injury.

3. It was contended that upon other points there was such variance between the proof and the pleadings as to prevent a recovery; but upon a careful examination, the evidence was not without conflict with respect to them, there being some evidence to support the material allegations of the petition upon each point where it was insisted that there was a variance.

*Judgment reversed. All the Justices concur, except Holden, J., who did not preside.*