### 5183.   COOPER *v.* THE STATE.

HILL, C. J. 1. One charged with a violation of the act of 1907 as to the sale of narcotic drugs (Acts of 1907, p. 121), as codified in sections 1651 and 1652 of the Civil Code (Penal Code, § 459), can be prosecuted in a city court having jurisdiction of misdemeanors, by accusation filed therein, as well as by indictment of the grand jury transferred to that court from the superior court.

2. The trial judge permitted the State to prove by the justice of the peace who issued the warrant upon which the accusation was based that he had information that the accused had been convicted before, and, this being the second charge, he fixed the bond at a larger amount. *Held,* that this evidence should have been excluded, on the objection that it was hearsay, irrelevant, and prejudicial. It was putting the character of the accused in issue by the State, and was also a violation of the general principle that while one is on trial for one offense, evidence that he committed another offense is inadmissible.

3. A deputy sheriff who is also the prosecutor in a criminal case is not a proper official to have charge of the jury in that case pending the trial.

4. It was erroneous to instruct the jury that if they believed that the accused did sell the drug as alleged, to the person named in the accusation, "or to any one else," within the last two years prior to the filing of the accusation, they would be authorized to find him guilty; the error being in the use of the words "or to any one else."

*Judgment reversed.*

DECIDED OCTOBER 29, 1913.

Accusation of misdemeanor; from city court of Bainbridge—Judge Spooner. August 25, 1913.

*W. V. Custer,* for plaintiff in error.

*M. E. O'Neal, solicitor,* contra.