## 25735. LANCASTER *v.* THE STATE.

*H. A. Boykin,* for plaintiff in error.
*W. G. Neville, solicitor-general, George W. Fetzer,* contra.

MacIntyre, J. Henry M. Lancaster was convicted of arson. His motion for new trial was overruled, and he excepted. There was testimony for the State, that a schoolhouse for colored people was destroyed by fire on or about the first day of May, 1932. This building had been subjected to a fire a few weeks prior to the actual burning. George Bowen, an accomplice, testified that Rude Usher and Henry Lancaster, the defendant, came to his house about that time, about two o'clock in the night, and Bowen invited them in; that they came in and were drinking; that his wife got up and also took a few drinks; that Usher invited them to ride; that they consented, went out, and got into the car; that Lancaster

and Usher rode in the front seat, and he and his wife rode in the back seat; that there was a jug in the back seat, and on asking what it was, Usher stated it was gasoline and that they were going to burn a schoolhouse; that they were driving in defendant's car, but Usher was driving, and he drove up to about fifteen feet of the schoolhouse, got out, took out the jug, broke out a pane of the window, threw the gasoline in the house, and began striking matches; that the defendant's wife then got out of the car and began striking matches, and Usher called to him to come and get her, that she would get burned; that the defendant got out of the car and went to where Usher was trying to fire the building, when Usher ordered him to get back; that the defendant immediately went back and got in the car; that during the discussion of the burning of the building there was never any objection or effort made on the part of the defendant to desist from the enterprise; that he furnished the means of transportation, was present during the entire enterprise, and was fully aware of what was to be done; and that "this burning had been mentioned in Lancaster's presence at different times up to my house, and sometimes we discussed it at other places. Henry [defendant] and Usher were in the habit of coming to my house. They rode around a good deal at that time. That was not the first time they had been to my house late at night. We all ran around the country together at other times. I've heard something mentioned about that school building in the presence of Lancaster since it was burned. Uncle Rude mentioned it, and was talking about it. I have heard it mentioned in the defendant's presence several times at different places. There was no secret made of it between the defendant and Usher and us all about it. I never heard of any secret particularly."

■ "'The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases; such as, to convict of treason or perjury, in any case of felony where the only witness is an accomplice, and to rebut a responsive statement in an answer in equity—in these cases (except in treason) corroborating circumstances may dispense with another witness." Code, § 38-121. If the witness Bowen had not been an accomplice, generally speaking his testimony would have been sufficient to authorize the conviction of the defendant; but to

warrant a conviction of a felony on the testimony of an accomplice, it is necessary that the accomplice be corroborated, and the corroborating circumstances should be such as, independently of his testimony, to connect the defendant on trial with the crime; and the defendant's voluntary confession is sufficient to corroborate the testimony of an accomplice, so as to support a verdict of guilty, for surely the defendant's free confession is as strong proof to show his own connection with the crime as is the strongest chain of circumstances, and is much stronger than any number of slight links in an attenuated chain. Therefore if the jury in this case were authorized to find that a free and voluntary confession was made by the defendant, the accomplice's testimony would be sufficiently corroborated. *Parlee* v. *State,* 67 *Ga.* 570; *Whaley* v. *State,* 177 *Ga.* 757 (171 S. E. 290).

■ A witness for the State testified as follows: "I am the official court reporter for the Effingham superior court and the Ogeechee judicial circuit. What I questioned Mr. Lancaster about was what he knew about the murder case; he was later put in jail, and he sent for Mr. Neville, and Mr. Carr and I accompanied Mr. Neville over to the jail, and, after Mr. Lancaster gave us full details and particulars about Rude Usher killing a negro King Green, he stated to Mr. Neville, 'I am in trouble now about burning the schoolhouse; won't you be light on me about that?' and Mr. Neville said, 'No, I can not make you any promises; if you want to tell it you can tell it,' and Mr. Lancaster said 'Yes, I was in that with them, but Rude Usher put us up to do it.' That is all I know about it. Mr. Carr did not hear the latter part of the conversation, as he had walked off when Henry got through telling about the killing of King Green. Mr. Lancaster then went into some details with Mr. Neville about the burning, but I did not pay much attention to it, as I was more interested in the murder case." We think the above declaration by the defendant to the witness, which apparently had reference to the matter charged, was admissible in evidence, although it did not in terms state the time and place to which it referred. In the light of the facts and circumstances proved, the jury were authorized to find that the above declaration was a confession; and the judge did not err in leaving it to the jury to determine, under proper instructions, whether the defendant in making such a declaration had refer-

ence to the criminal act with the commission of which he was charged. *Cook* v. *State,* 124 *Ga.* 653 (53 S. E. 104); *Allred* v. *State,* 126 *Ga.* 537 (55 S. E. 178); *Bryant* v. *State,* 97 *Ga.* 815 (25 S. E. 927).

The remaining special grounds of the motion for new trial are obviously without merit. The evidence supports the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*