27775.  SEWELL *v.* THE STATE.

DECIDED SEPTEMBER 13, 1939.

*Joe Quillian,* for plaintiff in error.
*Frank Simpson, solicitor-general, C. E. Gregory Jr.,* contra.

MacINTYRE, J.  Allen Sewell was charged with rape of his step-daughter, a girl alleged to be less than 13 years of age.  He was convicted of a misdemeanor.  His motion for new trial was overruled, and he excepted.  The stepdaughter testified that the carnal knowledge was forcible and against her will.  A deputy sheriff, who had the defendant in custody under the charge in question, and who was transferring him from the jail in Gainesville, Georgia, to the jail in the county where the alleged crime was committed, testified that the defendant told him that he had intercourse with his stepdaughter two or three times, "but she was willing."  The girl's grandmother testified as to her physical condition on the same night after the alleged rape, and the mother of the girl took her to the doctor the next day.  Another woman testified that she was present at the examination by the doctor, and testified as to the girl's physical condition at that time.  The defendant, in effect, denied all criminal acts alleged in the indict-

ment. The evidence for the State tended to show that the girl was between 12 and 13 years of age; and of course, if this was true, she was incapable of consenting. Code, § 26-1303. The defendant in his statement to the jury said that she was 17 years of age. He contended, first that the girl's testimony was impossible; second, that the girl's testimony was not sufficiently corroborated; third, that the evidence did not authorize the verdict.

Conceding that the testimony of the female in a case of rape, where she is capable of consenting, must be corroborated, "the only corroboration necessary in a case where the woman is an imbecile [or a child under 14 years of age] incapable of consenting is proof of facts or circumstances tending to sustain the testimony of the woman as to acts of sexual intercourse with the defendant" (*Smith* v. *State,* 161 *Ga.* 421, 131 S. E. 163); and if in the instant case there was sufficient evidence from which the jury were authorized to find that the confession to the deputy sheriff, referred to the transaction charged in the indictment, it was sufficient corroboration, whether the verdict be for rape or for a lesser offense included in that crime as charged. It will serve no good purpose and it is unnecessary to go into the minute details of when, where, and what took place at the time the State contends the defendant had carnal knowledge of his stepdaughter, a girl less than 13 years of age. The defendant contends that even if the declaration which the deputy sheriff testified the defendant made to him on the occasion when he was moving the defendant from one jail to another, while he had him in custody under the charge in the indictment, was correct, it was ambiguous in that it referred to several occasions, and did not completely specify to which occasion the defendant referred; that is, the confession to the deputy sheriff did not completely specify that the defendant referred to the occasion and the transaction alleged in the indictment. It is sufficient to say that even if we concede that the confession was necessary in order to connect the defendant with the incident testified to by the girl and charged in the indictment, there was enough evidence to indicate that the confession had reference to the transaction under investigation, although the defendant failed to confess with complete specifications; and it was proper to leave it to the jury to determine whether the defendant, in making such declaration to the deputy sheriff, had reference to the criminal act

with the commission of which he was charged, although the declaration did not in terms state the time and place to which it referred. *Lancaster* v. *State,* 54 *Ga. App.* 243 (187 S. E. 617); *Allred* v. *State,* 126 *Ga.* 537 (55 S. E. 178). The testimony of the girl alleged to have been raped was not impossible or so inherently improbable as to be unworthy of belief as a matter of law, but her credibility on all questions was an issue to be determined by the jury in the light of her tender years and other circumstances. *Berry* v. *State,* 185 *Ga.* 334 (3) (195 S. E. 172). The evidence authorized the verdict. The judgment refusing a new trial was not error for any reason urged.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*