28832. EIDSON *v.* THE STATE.

DECIDED JUNE 17, 1941.

*John H. Hudson, H. A. Allen,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, Daniel Duke,* contra.

GARDNER, J. The defendant was indicted in five counts for assault and battery. One of the counts was nolprossed. He was convicted on one count, and acquitted on three. His motion for new trial was overruled, and he excepted.

The State's evidence showed that P. S. Toney was taken from his home about eleven o'clock at night, and was severely beaten and otherwise manhandled by several men whom Toney did not recognize. After carrying him from Scottdale to East Point and whipping him with a large leather strap (one of the men being hooded), they put him out in the West End section of Atlanta. He was afterward carried to a doctor, by whom his wounds were treated. He had large bruises on his body, resulting in two- or three-inch sores, and was away from work for three or four weeks. Those who administered the flogging told Toney at the time it was because of his connection with "the union." W. C. Bishop and Luke Trimble, witnesses for the State, connected the defendant with the battery charged. The evidence for the State tended to show that the flogging was the result of a conspiracy on the part of members of the Ku Klux Klan, and that other floggings of the same nature took place about the same time, and that the defendant and Bishop and Trimble were likewise connected with them as conspirators. The evidence was sufficient to warrant the verdict, and there is no merit in the general grounds.

The first special ground of the motion complains that the court erred in permitting the witness P. S. Toney to testify, over objection, as to where he went and what he did with reference to the wounds. We can not see that this was harmful to the defendant. It was merely a part of the history of the event under consideration. *Trammell* v. *Shirley,* 38 *Ga. App.* 710 (145 S. E. 486); *Electric Paint & Varnish Co.* v. *Lunsford,* 58 *Ga. App.* 270 (198 S. E. 277); *Herndon* v. *State,* 38 *Ga. App.* 117 (6) (142 S. E. 695); *Cumby* v. *State,* 43 *Ga. App.* 328 (158 S. E. 773); *Knowles* v. *State,* 51 *Ga. App.* 371 (180 S. E. 617). The objections to this testimony are easily distinguishable from the assignments of error on the objections dealt with in *Roach* v. *Western & Atlantic Railroad Co.,* 93 *Ga.* 785 (21 S. E. 67), *Hunter* v. *State,* 147 *Ga.* 823 (2) (95 S. E. 668), and *Ratteree* v. *State,* 53 *Ga.* 570, 573. In those decisions the Supreme Court was dealing with declarations seeking to establish proof of a substantial, material point at issue

as a part of the res gestæ, whereas the declarations dealt with in the instant case are largely a narration of the wounds received, their treatment, and of the movements of the victim, without in any wise attempting to prove thereby the battery itself. We think the evidence was admissible for the purpose of showing the fact of the battery and the extent of it, for the consideration of the court and the jury. By no stretch of the imagination can it be conceived that it in any wise connected the defendant with the battery, or unlawfully prejudiced his case to the extent of demanding a reversal. This ground is without merit.

We have carefully read the assignments of error in grounds 2, 3, 4, and 5 of the motion. Under the record of this case they are not meritorious, and in our opinion need no elaboration. Ground 6 complains of the admission of testimony given by Trimble for the State, to the effect that the East Point Klan discussed certain floggings in the meetings, that secret committees were appointed, that these secret committees were not put on the minutes, and that the accused was not shown to have participated therein. This evidence was objected to on the ground that it was immaterial, irrelevant, and prejudicial; that the East Point Klan is a corporation, and that it had no bearing on the issue. It was the theory of the State, and the evidence tended to establish it, that the battery alleged in the instant case was the result of a conspiracy on the part of members of the Klan to flog certain persons, that P. S. Toney was one of the victims, and that the accused was one of the conspirators. There was evidence that some of the minutes were destroyed. The evidence objected to was admissible when taken in connection with the other evidence for the State by Bishop, that the defendant was a member of the secret group at the time Toney was flogged. This ground is not meritorious.

Grounds 7 and 8 complain of an excerpt from the charge to the jury on the subject of impeachment of a witness and discrediting a witness. We have read the excerpt carefully and the evidence in connection therewith, and fail to find error therein sufficient to demand a reversal. It is difficult to give a charge as lengthy as was required by the issues presented in this case, without making some inapt expressions or statements, or language that appears as such, when taken apart from the whole charge. The charge as a whole was full and fair, and instructed the jury clearly on all issues

involved. The assignments of error in these grounds are not meritorious.

Ground 9 assigns error because the two men who waited upon the jury and had charge of them during the trial for several days had not taken the special "bailiff's oath" provided for by the Code, § 59-717. This ground was supported by evidence of the movant to the effect that the bailiff's oath above mentioned had not been administered to them. The State countered with affidavits to the effect that the two men who thus served the jury during the progress of the trial were regular deputy sheriffs, who had taken the regular oath as such, and were at the time serving as such deputy sheriffs at the court. This raises the question whether it is necessary, before a regular deputy sheriff can legally wait on a petit jury after it has been selected and sworn to try the issue in the particular case, that there must be administered to him, in addition to his regular oath as deputy sheriff, the special "bailiff's oath" provided for by § 59-717. In the superior court the office of bailiff is not a necessary concomitant to court procedure. The appointment of such officers is altogether at the option of the sheriff with the approval of the court, or by the court if additional appointments are necessary. Code, § 24-3351; *Daniel* v. *State,* 187 *Ga.* 411 (5), 414 (1 S. E. 2d, 6). If appointed, they must take the oath as required by § 59-717. *Daniel* v. *State,* supra. The sheriff is the constitutional court officer whose duty it is to attend court. The oath required of him is provided by the Code, § 24-2804. That oath is plenary for all purposes, inclusive of attending and keeping juries as may be required by law. State *v.* Hoke, 76 W. Va. 36 (84 S. E. 1054). But the sheriff may perform such court duties by his deputy sheriffs. *McGuffie* v. *State,* 17 *Ga.* 497 (2); *Ward* v. *Colquitt,* 62 *Ga.* 267; Code, § 24-2813(2). Though the deputy sheriff acts on behalf of the sheriff, his is a separate office. *Hartshorn* v. *Bank of Gough,* 17 *Ga. App.* 483 (87 S. E. 720). He must take the oath of that office, which is the same as that of the sheriff. Code, § 89-309. That oath as to him is likewise plenary for all purposes, inclusive of attending and keeping juries; and he is a proper official for that purpose, provided he is not the prosecutor or otherwise disqualified. *Cooper* v. *State,* 13 *Ga. App.* 697 (79 S. E. 908). The bailiff's oath is that of an indifferent officer of optional appointment, and is meant to apply to the restricted lim-

its of the duties of such officer. The bailiff's oath is not required of a sheriff or his deputy where already the oath of either in effect covers the duties specifically defined under the bailiff's oath. This assignment of error is without merit.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*