29016. CAMERON *v.* THE STATE.

DECIDED NOVEMBER 18, 1941. REHEARING DENIED DECEMBER 16, 1941.

*E. Harold Sheals* and *Isaac M. Wengrow,* for plaintiff in error. *John A. Boykin,* solicitor-general, *Quincy O. Arnold, Durwood T. Pye, Daniel Duke,* contra.

MACINTYRE, J. George Cameron was indicted in four counts for flogging. He was acquitted on counts 1 and 4, charging the

flogging of E. L. Rammage and James W. Wilkes, and was convicted on counts 2 and 3 charging the flogging of D. M. Harper and W. H. Ables. To the overruling of his motion for new trial the defendant excepted.

Special grounds 7, 8, 9, 10, and 11 are but elaborations of the general grounds and will be considered therewith. D. M. Harper testified that on the night of July 7, 1939, the defendant and another came to his house, posing as officers of the law with a fake warrant and armed with a pistol, and forced Harper to go with them. Two other men were waiting in the car and they drove out to the city dumping grounds. On the way out the defendant said to Harper: "This is the second time we have had you out here and we are going to make a Christian out of you." When they arrived at the dumping grounds two other cars were there. Harper was taken from the car, stripped of his clothing and given about thirty lashes with a leather strap about as wide as one's hand and about three feet long. After the whipping he was told to go in the opposite direction, and finally got back to his home about 12:30 a. m. W. H. Ables testified that on August 11, 1939, three men posing as officers came and took him from his home. He described being flogged in the same manner as did Harper. Mrs. Ables identified the defendant as being one of the men who came and took Mr. Ables away. This evidence was sufficient to authorize the jury to find that the defendant participated in the floggings, and these grounds of the motion for new trial are not meritorious. *Bryant* v. *State,* 65 *Ga. App.* 523 (16 S. E. 2d, 241); *Walton* v. *State,* 65 *Ga. App.* 124 (15 S. E. 2d, 455); *Eidson* v. *State,* 65 *Ga. App.* 119 (15 S. E. 2d, 452); *Forster* v. *State,* 65 *Ga. App.* 123 (15 S. E. 2d, 454); *Cawthon* v. *State,* 65 *Ga. App.* 428 (16 S. E. 2d, 247).

Grounds 1, 2, and 3 relate to matters and questions propounded to a witness for the State by counsel for the defendant on cross-examination. Under Code, § 38-1705, every party has the right to a thorough and sifting cross-examination of witnesses called against him, and a substantial denial of this right is cause for a new trial. But the scope of cross-examination is not unlimited, and rests largely within the discretion of the judge. One question propounded by counsel for the defendant was, "What position did he [the defendant] hold with the Woodmen of the World?"

Another was, "Do you know of any reason why Mr. Brown would say he didn't see you that night if he saw you?" An answer to the first question would not, we think, have been relevant to any issue and might have tended to prolong the trial, multiply the issues and confuse the jury. *Andrews* v. *State,* 118 *Ga.* 1, 4 (43 S. E. 852) ; *City of Brunswick* v. *Glogaur,* 158 *Ga.* 792 (6), 818 (124 S. E. 787). As a general rule a witness should testify to what he knows, and not that he does not know a certain thing or things, for things he does not know may be innumerable. A witness should not be permitted to testify directly without qualification that another witness had a good or a bad motive in testifying to certain facts. *Cihak* v. *Klekr,* 117 Ill. 643 (7 N. E. 111) ; *Manufacturers Bank* v. *Koch,* 105 N. Y. 630 (12 N. E. 9) ; 1 Jones on Ev. § 167; note in 21 Am. St. R. 314. One can not testify thus broadly as to what was or was not the motive of another witness in testifying. *Huger* v. *Protestant Episcopal Church,* 137 *Ga.* 205 (6), 208 (73 S. E. 385). One can not state his mere conclusion that he knows of no reason why another witness should testify falsely. *Bush* v. *McCarty,* 127 *Ga.* 308 (6) (56 S. E. 430, 9 Ann. Cas. 240). Any answer to the second question would have been merely an opinion of the witness. The jury as well as the witness, could draw a conclusion from the facts and circumstances. We do not think the judge abused his discretion in controlling the cross-examination in these instances, or in overruling the motion for new trial for these reasons. See *Corley* v. *State,* 64 *Ga. App.* 841 (4), 843 (14 S. E. 2d, 121). In ground 2 the defendant contends "that it was error to refuse to admit the check as evidence of the date thereon in connection with his alibi." The brief of evidence recites on the last page that "the defendant introduced two checks as follows:" setting out the checks, one of which was the check in question. However, it may be noted that the contents of the check relative to the date on which it was signed did not put in issue any reciprocal rights and duties of the parties under the writing, but, at most, put in issue only a collateral fact, the date of the check; and the oral testimony of the witness as to the date of the check which he had written was nearer the fact sought to be proved than was the check itself—when the check was in fact written and signed. A check is sometimes antedated and sometimes post-

dated without any bad motive. *Blocker* v. *State,* 58 *Ga. App.* 560, 563 (199 S. E. 444); *Streeter* v. *State,* 60 *Ga. App.* 190 (2) (3 S. E. 2d, 235). This ground does not disclose reversible error.

■ Grounds 4, 5, and 6 complain of the admission of the testimony of Luke Trimble, on redirect examination, upon being recalled, that he conferred with the higher officers of his local klan and with the national officers of the Knights of the Ku Klux Klan and with his lawyer before he admitted these floggings. Trimble had participated in the floggings, and he had testified on cross-eximination that he did not like to testify against the defendant but that he was doing it now, and, further, there was an attempt by counsel for the defendant to show that the witness had made previous contradictory statements to the effect that he had told the defendant that he did not want to but that he had to testify against him and the others, whereas on this trial he stated he did not remember having told the defendant this. Thus the State recalled the witness Trimble, and on redirect examination was attempting to neutralize the effect of this testimony given on cross-examination and to sustain Trimble's credibility before the jury. It was not error to admit the testimony. *Walton* v. *State,* supra; *McGinty* v. *State,* 59 *Ga. App.* 675 (2 S. E. 2d, 134); *Aycock* v. *State,* 62 *Ga. App.* 812, 815 (10 S. E. 2d, 84).

■ Counsel for the defendant, in his argument to the jury, commented that the State had not seen fit to cross-examine the character witnesses whom the defendant had presented against W. C. Bishop, a witness for the State, and stated that he wondered what reasons the witnesses would have given for not believing Bishop on oath if the State had so asked on cross-examination. The court, on proper objection to this argument as being improper, instructed the jury that this argument was improper and to disregard same, and further instructed counsel for the defendant not to continue arguing along this line. The defendant excepted to this ruling in ground 12 on the ground that this was a proper argument as a matter of law and a logical deduction from the evidence.

When a witness is sought to be impeached, as here, by evidence as to his general bad character, the impeaching witness should be asked first as to his knowledge of the general character of the

witness, next as to what that character is, and lastly he may be asked if, from that character, he would believe him on oath. Code, § 38-1804. These questions are specified by the Code, and it impliedly excludes all others. *Barnwell* v. *Hannegan,* 105 *Ga.* 396, 400 (31 S. E. 116) ; *Taylor* v. *State,* 17 *Ga. App.* 787 (2) (88 S. E. 696). Thus, here the defendant's counsel could not on direct examination have asked the impeaching witness to give a reason why he would not believe the State's witness on oath, and consequently, if there was no cross-examination of the impeaching witness, there was no evidence before the jury as to why he would not believe Bishop other than because of the general bad character of Bishop. When counsel for the defendant was arguing, as he was to the jury, as to what answer his witness would have given if he had been asked on cross-examination what specific reasons, other than Bishop's general bad character, he would have given as to why he would not believe Bishop on oath, counsel was in effect arguing matters that were not in evidence, that is, specific reasons why the impeaching witness would not believe Bishop on oath. Defendant's counsel was in effect seeking to surmise the answer to a question which had never been asked the witness, and which under the circumstances counsel for the defendant was prohibited by law from asking him. *Ratteree* v. *Chapman,* 79 *Ga.* 574 (4 S. E. 684) ; *Andrews* v. *State,* 118 *Ga.* 1, 4 (43 S. E. 852) ; *Columbus & Rome R.* v. *Christian,* 97 *Ga.* 56, 61 (25 S. E. 411). "All reasonable latitude should be allowed attorneys in their arguments to the jury on the facts and on inferences and deductions from the facts." *Cammons* v. *State,* 59 *Ga. App.* 759, 767 (2 S. E. 2d, 205). But counsel for the defendant was not entitled to thrust into the case by direct words or implications what he surmised might be the answer of a witness to a question which would have been illegal if propounded by defendant's counsel. This would be lugging into the case extraneous matter that was not a part of it. *Cammons* v. *State,* supra. "What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence." *Cammons* v. *State,* supra, 768. There was no evidence upon which to base such an argument, and the judge was correct in prohibiting it and in instructing counsel and jury as is stated in this ground.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

ON MOTION FOR REHEARING.

MACINTYRE, J. With reference to division 4 of the opinion which concerns special ground 12, it is true as stated by the defendant that "the failure to cross-examine the rebutting witnesses is legitimate ground for argument." *Frank* v. *State*, 141 *Ga.* 243 (13), 246 (80 S. E. 1016). However, the law condemns the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence. *Cammons* v. *State,* 59 *Ga. App.* 759, 767 (supra) ; *Allred* v. *State,* 126 *Ga.* 537 (3) (55 S. E. 178) ; *Smiley* v. *State,* 156 *Ga.* 60 (3) (118 S. E. 713). Ground 12 in part excepts to the refusal of the court to allow counsel for the defendant to argue to the jury that the State failed to cross-examine the character witnesses whom the defendant presented against W. C. Bishop, a witness for the State. It appears from the record that four witnesses were called by the defendant as character witnesses against W. C. Bishop. They were F. W. Ward, N. J. Baxter, Miss Virginia Waites and Miss Mildred Mc-Daniel. We examined their testimony thoroughly and in each instance counsel for the State subjected each witness to cross-examination. It therefore appears that the statement of counsel for the defendant that the State did not cross-examine the character witnesses whom the defendant presented against W. C. Bishop was incorrect and the court did not err in ruling as it did.

*Rehearing denied. Broyles, C. J., and Gardner, J., concur.*