31008. DODYS *v.* THE. STATE.

DECIDED FEBRUARY 19, 1946.

*W. Paul Carpenter, George G. Finch,* for plaintiff in error.
*E. E. Andrews,* solicitor-general, *Durwood T. Pye,* contra.

MACINTYRE, J. ■ During the trial and before any evidence had been submitted upon the main issue, the judge set aside the juror upon the ground of incompetency, in that he had been convicted of a crime involving moral turpitude. The State having exhausted its peremptory challenges, the following occurred: "Mr. Carpenter (attorney for the defendant): 'Your Honor, Mr. Garland has put the juror on us. I did not catch his employment, and I proceeded to ask him to repeat his employment. Now I think the juror is upon us. I don't see how he could reverse his position.' Mr. Garland (assistant-solicitor): 'I did not have any right to put him on him. I had used up all my

strikes. We challenge him on the ground that he is incompetent, having been convicted of a felony.' Mr. Carpenter: 'We take the position that the juror is on us. If he wants to challenge him, let him do it in open court.' Mr. Garland: 'I will have to put the juror on the witness stand.' A. E. Mink (the juror in question), duly sworn, testified: . . Mr. Carpenter: 'Now, your Honor, I object to the solicitor examining this juror. He has been empaneled and sworn as a juror in the case of the *State* v. *Charlie Dodys.* When his name was called in the box, your Honor, the solicitor announced publicly in open court, that the juror was upon us. That, in legal parlance, as your Honor knows, is that he has passed the juror, held him qualified; and then it is up to the defendant's counsel either to accept or reject him. I had already questioned the juror as to his occupation; I had not quite heard exactly what his occupation was, and we were in the act of either accepting him as a juror or rejecting him, when the solicitor had a private conversation with your Honor and with me concerning some outside matter that we, counsel for the defense, do not object to and do not think that it is a matter for judicial determination, so we object and move your Honor to disallow the juror to be questioned in open court concerning some private personal matter of his which we contend does not disqualify him from acting as a juror and being a juror in this case.' The Court: 'Since it was stated that the State had no further strikes and since certain representations were made orally and in writing in the matter, the court overrules the motion and permits the examination of the witness. Go ahead.' Mr. Garland: 'Mr. Juror, are you the same A. E. Mink that is named in that accusation (presenting document to witness)?' Mr. Mink: 'I reckon so.' Mr. Garland: 'You entered a plea of guilty to the crime of simple larceny?' Mr. Garland: 'I want to propound this question, your Honor, and let your Honor decide the significance of it.' Q. 'Are you the same juror that entered a plea of guilty to two counts of larceny from the house?' Mr. Carpenter: 'Now, if your Honor please, we object to that question upon the ground that the highest and best evidence would be a certified copy of the indictment from whatever court, and that speaks for itself.' Mr. Garland: 'I suppose that, technically, his objection is good, but here is the evidence of a witness who knows . . ' Mr. Carpen-

ter: 'He asked him the first question, which we did not object to after we made out general objection that he should not be examined at all. The next question was, was he the man named in the indictment? and he said he was. I did not object to that; now he asks him was he the man who entered a plea of guilty and served a sentence, we are objecting too upon the simple and fundamental ground of law that a certified copy of the bill of indictment from another court is the highest and best evidence, and the only evidence.' The Court: 'The objection, insofar as it may go to any contents of the accusation, is sustained; insofar as it may relate wholly to identity, it is overruled.' Mr. Carpenter: 'Now, your Honor, we accept the juror.' Mr. Garland: 'Now, your Honor, we move your Honor to exclude the juror.' Mr. Carpenter: 'We take the position, your Honor, there is no law disqualifying this juror.' The Court: 'I remove the juror for cause. Let him step out.'" Which said ruling being adverse to and against the contentions of the defendant, and to which ruling and decision of the court in removing the juror, defendant then and there excepted, and now excepts and assigns the same as error, as being contrary to law.

It is for the party asserting error to show it. The defendant could demand a competent and impartial jury but not an incompetent juror. Northern Pacific R. Co. v. Herbert, 116 U. S. 642, 646 (6 Sup. Ct. 590, 29 L. ed. 755). Nothing appearing to the contrary, it is presumed that the jurors who were selected to try and did try the case were competent and impartial jurors. State v. Smith, 56 Minn. 78, 83 (57 N. W. 325). The defendant has a right to object to jurors put upon him and not a right to select those who are to be put upon him. State v. Lautenschlager, 22 Minn. 514. No juror sat on the trial of the case, to whom the defendant offered any objection. He was tried by twelve jurors who were unobjectionable to him, insofar as the record shows. State v. Sultan, 142 N. C. 569 (54 S. E. 841, 9 Ann. Cas. 310); State v. Breaux, 164 La. 320 (97 So. 458). The judge states for the record that there was a conference in open court, but not within hearing of the jury, in which the original accusation with a conviction for simple larceny was submitted to the court and to counsel for the defendant. However, the defendant's counsel refused to participate in this conference. The ground of the chal-

lenge of the juror by the State was propter delictum on account of the juror's conviction of a crime involving moral turpitude. Under the decisions of *Wright* v. *Davis,* 184 *Ga.* 846 (193 S. E. 757), *Williams* v. *State,* 12 *Ga. App.* 337 (3) (77 S. E. 189), and *Mitchell* v. *State,* 69 *Ga. App.* 771, 777 (26 S. E. 2d, 663), the juror in question was disqualified if he had been convicted of a crime involving moral turpitude.

In Abbott's Trial Brief (Criminal Causes), § 124, p. 279, it is said: "The court may of its own motion, in the exercise of sound discretion, set aside an incompetent juror at any time before evidence is given." A footnote under this statement says: "Even against defendant's objection." *Warnack* v. *State,* 7 *Ga. App.* 73 (66 S. E. 393); *Wesley* v. *State,* 65 *Ga.* 731 (3); *Epps* v. *State,* 19 *Ga.* 102 (2); *Jackson* v. *State,* 51 *Ga.* 402; *Cobb* v. *State,* 45 *Ga.* 11; 35 C. J. 401, § 450, n. 69. Here the judge satisfied himself of the juror's incompetency because of conviction of a crime involving "moral turpitude," and set aside the juror. This he had a right to do (even though it would have been the better practice to have had a certified copy of the original record) by examination of the original accusation with a conviction for simple larceny, which was submitted to the court and to counsel for the defendant, even though the defendant's counsel refused to participate in any conference with reference thereto. It is immaterial how such fact of incompetency is shown if the judge is satisfied that it exists. His information on the subject was material, its source immaterial. *Ozburn* v. *State,* supra; *Kearney* v. *State,* 101 *Ga.* 803, 808 (29 S. E. 127, 65 Am. St. R. 344); *Streeter* v. *State,* 60 *Ga. App.* 190, 193 (3 S. E. 2d, 235); *Cameron* v. *State,* 66 *Ga. App.* 414, 416 (18 S. E. 2d, 16). This matter, under the facts as they here appear, was addressed to the sound discretion of the court and, in the absence of an abuse of discretion, this court will not interfere. The judge stated for the record that, pending the motion for new trial, he was presented, over the objection of the defendant, a certified copy of the accusation, conviction, and sentence in question. Thus the judge had before him the certified copy prior to the time that he exercised his discretion in overruling the motion for new trial. *Ozburn* v. *State,* 87 *Ga.* 173 (supra); State *v.* Murphy, 48 S. C. 1 (25 S. E. 43). It is the duty of the court to supervise, and within proper limits to con-

trol, the trial of causes before it to the end that justice may be administered in reality as well as in form. Even if the parties before the court might desire, from different motives, to accept an incompetent juror—as in this case, a juror with a conviction for a crime involving moral turpitude—the court is not required to yield its assent to such a proceeding or to take part in such a trial. State *v.* Ring, 29 Minn. 78 (11 N. W. 233). The defendant was tried by lawful jurors, none of whom were objected to by him, in so far as is disclosed by the record. We cannot say that the court abused its discretion in refusing a new trial on the ground here urged.

■ The trial calendar of the court is usually a sheet of paper, on which is a list in writing or printing showing when the case or cases listed thereon are set for trial, and, as a general rule, is made for the convenience of the court, court officers, and counsel. There is no law requiring the making and preserving of such calendars so as to establish them as judicial records which would be proved only by certified copies. Such a calendar, when tendered in evidence, is not subject to the objection here urged, to wit, that it is a court record and that the highest and best evidence is a certified copy of such calendar.

■ The witness, Fannie Walton, testified that the defendant and his brother went to her home and that the brother of the defendant offered her money to testify falsely in a matter material to the issue in question in a particular and specified judicial proceeding. As to whether the defendant made such a statement to the witness, the witness, in answer to a question propounded by State's counsel as to whether the defendant heard such statement made by his brother, testified: "I don't know; he [defendant] could have. I don't guess he is just hard of hearing." The relative positions of the defendant, his brother, and the witness, and the tone of voice of the witness and the defendant's brother were all testified to by witnesses. " 'Where inculpatory statements were made by a brother of the defendant in his presence and under circumstances which would warrant the inference that he heard them but did not deny them, they were admissible in evidence, the question whether they were so heard being left to the jury under proper instructions.' " *Thrasher* v. *State,* 68 *Ga. App.* 820, 822 (24 S. E. 2d, 222).

■ It appeared from the evidence that there was: (1) a case pending against the defendant, in which perjury might be committed; (2) an attempt by him to induce Moneter Moore to testify therein; (3) testimony sought which was material; (4) and false; (5) Moneter Moore being approached by defendant to so testify falsely in said case; (6) but a refusal by her, resulting in a failure of the defendant's efforts to procure the perjured testimony. *Nicholson* v. *State*, 97 *Ga.* 672 (25 S. E. 360). Thus all the elements of the offense of attempt to commit subornation of perjury were proved, the verdict is supported by evidence, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*