STATE *vs.* WILLIAM J. JOHNSON.

1. PERJURY—INDICTMENT—SUFFICIENCY.

An indictment for subornation of perjury, which charged, in substance, that the accused had attempted to procure the prosecuting witness to testify falsely in the Court of General Sessions at the trial of him under a designated indictment for the sale of intoxicating liquor, to wit, beer, without having a license, sufficiently charges the offense.

2. PERJURY—SUBORNATION OF PERJURY—"ATTEMPT AT SUBORNATION"— WHAT CONSTITUTES.

An "attempt at subornation" of perjury is an effort to induce a witness to swear falsely in a particular case, so that the act, if successful, would be perjury; a mere general attempt to induce another to swear falsely being insufficient.

3. PERJURY—"SUBORNATION OF PERJURY"—WHAT CONSTITUTES.

"Subornation of perjury" is the procuring of the commission of perjury by inciting, instigating, or persuading a witness to swear falsely.

4. CRIMINAL LAW—PROOF—"REASONABLE DOUBT".

"Reasonable doubt" in a criminal cause does not mean a vague, speculative, or mere possible doubt, but such a doubt as reasonable, fair-minded, conscientious men would entertain after a careful consideration of all the evidence in the case.

5. CRIMINAL LAW—PROVINCE OF JURY—CREDIBILITY OF WITNESSES.

In a cause in which the testimony is conflicting, it is the duty of the jury to reconcile the conflict, if possible; but, if they cannot do so, they should accept and be governed by that testimony which they consider most worthy of credit and belief, taking into consideration the character of the witnesses, their bias, interest, or prejudice, if any, as well as any other facts or circumstances which show their truthfulness or untruthfulness.

(*September* 25, 1912.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*Andrew C. Gray*, Attorney General, for the state.

*Lilburne Chandler* for the defendant.

Court of General Sessions, New Castle County, September Term, 1912.

INDICTMENT (No. 78, September Term, 1912) FOR ATTEMPT AT SUBORNATION OF PERJURY.

It was charged in the indictment in substance that the accused had attempted to procure the prosecuting witness to testify falsely in the Court of General Sessions at the trial of him under

Statement.

an indictment (No. 62 found at the said September Term of court) for the sale of intoxicating liquor, to wit, beer, without having a license. Evidence of what the accused attempted to induce the prosecuting witness to testify to at the trial different from the testimony she gave before the Grand Jury and intended to repeat, and did repeat, at the trial, was admitted in proof of the charge.

At the trial, Mr. Chandler, for defendant, moved to quash the indictment on the following grounds:

*First.* That it does not set out any offense against the laws of the State of Delaware. *Rev. Code, p.* 951.

The charge is an offense at common law, and has never been made a part of the Delaware Law. 2 *East.* 17; 6 *East* 464; *Hawk. P. L. C.* 435; 2 *Bish. N. C. R. L.* § 1197; 26 *U. C. Q. B.* 297.

*Second.* The indictment fails to allege that the witness, Elizabeth Burton, upon whom William J. Johnson is charged to have attempted subornation before the Grand Jury, in No. 62 of said September Term, testified before the Grand Jury. *State v. Leach,* 27 *Vt. Rep.* 317.

*Third.* The indictment fails to allege that there was knowledge on the part of William J. Johnson that the testimony he solicited the said Elizabeth Burton to give at his trial under said indictment No. 62, was and is false. *Bish. N. C. R. L.* § 1197-a; 10 *Sawy.* 1135; 124 *Ill.* 17; 19 *Fed. Rep.* 912.

*Fourth.* The indictment fails to allege that it was the knowledge of both Elizabeth Burton and William J. Johnson that the testimony which William J. Johnson solicited her to give at the trial under said indictment No. 62, was and is false. *Bou. Law Dict.* 1055.

*Fifth.* The mere solicitation of Johnson to give true testimony upon the part of Elizabeth Burton at his said trial is not a misdemeanor. He must have attempted to procure her to give false testimony at said trial before any misdemeanor can be charged against him.

PENNEWILL, C. J.:—The court are clearly of the opinion that the motion should be refused and that the indictment should not be quashed.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—It is charged in this indictment that William J. Johnson, on the twenty-fifth day of August, of the present year, did unlawfully and wickedly solicit, incite, instigate, and as much as in him lay, wilfully and corruptly endeavor and attempt to persuade and procure the said Elizabeth Burton to commit wilful and corrupt perjury, by falsely swearing and giving in evidence to and before the judges and jury sitting in the said Court of General Sessions, in substance and to the effect following, that is to say: That she the said Elizabeth Burton did not purchase intoxicating liquor, to wit, beer, from said William J. Johnson, as in said indictment charged, but that the money, to wit, one dollar, which she, the said Elizabeth Burton, delivered to the said William J. Johnson, for and in payment of the said intoxicating liquor, to wit, the said beer, was not by her, the said Elizabeth Burton, delivered to the said William J. Johnson, in payment for said intoxicating liquor as aforesaid, but was as a matter of fact delivered by her, the said Elizabeth Burton, to him, the said William J. Johnson, for and on account of certain rent due and owing from her, the said Elizabeth Burton, to him, the said William J. Johnson.

[2] An attempt at subornation of perjury is an effort to induce a witness to swear falsely in a particular case. A mere general attempt to induce another to swear falsely is not sufficient, but the attempt must have reference to such an act as would be perjury if successful.

[3] To constitute subornation of perjury, which is the conpleted act, the party must procure the commission of the perjury by inciting, instigating or persuading the witness to commit the crime; that is, to swear falsely. But although, in order to constitute subornation of perjury, the person cited must actually take the false oath, an attempt (which is the present case), though unsuccessful, to induce a witness to give false testimony, when such an act would be perjury if successful, is indictable at common law as well as under the law of this state. Such is the law as we understand it. But to state the issue in the present case, in somewhat simpler language, we say:

Verdict.

The question for the jury to determine is whether the defendant did attempt to induce the prosecuting witness, Elizabeth Burton, to swear falsely in a case before the judges and jury sitting in this court. · If you believe beyond a reasonable doubt that the defendant did make such an attempt your verdict should be guilty. But if you do not so believe, or if you entertain a reasonable doubt that he made such an attempt, your verdict should be not guilty.

[4] A reasonable doubt does not mean a vague, speculative or mere possible doubt, but such a doubt as reasonable, fairminded, conscientious men would entertain after a careful consideration of all the evidence in the case.

[5] In this, as in every case, where the testimony is conflicting, it is the duty of the jury to reconcile the conflict if they can; but if they cannot do so, they should accept and be governed by that testimony which they consider most worthy of credit and belief, taking into consideration the character of the witnesses, their bias, interest or prejudice, if any is shown, as well as any other facts or circumstances which show the truthfulness or untruthfulness of their testimony.

                                                    Verdict, guilty.