540 P.2d 800

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Thomas H. MANSFIELD, Defendant-Appellant.**

**No. 11795.**

Supreme Court of Idaho.

Sept. 23, 1975.

Peter D. McDermott, Public Defender, Pocatello, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Gordon S. Nielson, Senior Deputy Atty. Gen., Lynn E. Thomas, and James W. Blaine, Deputy Attys. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

On September 10, 1974, the appellant, Thomas H. Mansfield, entered pleas of guilty to three counts of statutory rape of his three adopted stepdaughters. A presentence report was prepared for the court, including psychological evaluations of the appellant. The appellant was sentenced to a term not to exceed ten years on each of the three counts, with said sentences to run consecutively. This appeal is from the sentences imposed.

Appellant argues that the total sentence was excessive and an abuse of discretion by the trial judge and that the trial judge erred in denying probation to the appellant.

 The record indicates that before the trial judge pronounced sentence in this case he considered those factors in sentencing which have been required by this Court.[1] The judge noted that Mansfield was not a first offender but had a prior conviction for lewd and lascivious conduct. The presentence report included an evaluation by State Hospital South that there was no reasonable expectation of rehabilitation if Mansfield were placed on probation. After due consideration was given to these factors the judge concluded that " * * * this court cannot in good conscience find that this man is suitable to be placed on probation to give him a possible opportunity to engage in similar conduct in the future."

It is evident from the record that the trial court's denial of probation was not lightly made, but rather was the result of the difficult and often-times unpleasant process of balancing the interests of the individual defendant and the interests of society.

 Under the state of the record it cannot be said that the trial court abused its discretion in denying appellant's application for probation.

 With regard to appellant's challenge of the ten year sentences handed down on each count of statutory rape, I.C. § 18–6104 states:

> "Rape is punishable by imprisonment in the state prison not less than one year, and the imprisonment may be extended to life in the discretion of the District Judge, who shall pass sentence."

In addition, I.C. § 18–308 states:

> "When any person is convicted of two (2) or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction in the discretion of the court, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

This is not appellant's first sex offense and considering all the factors weighed by the trial court in reaching his decision, we find there was no abuse of discretion by the trial judge. The judgment is affirmed.

McQUADE, C. J., and McFADDEN, SHEPARD and BAKES, JJ., concur.

---

1. The Supreme Court has stated that in fixing punishment for crime "the law recognizes that the previous character, good or bad, of one convicted should be considered in fixing the punishment." *State v. Weise*, 75 Idaho 404, 273 P.2d 97 (1954). On other occasions the Supreme Court has indicated that evidence concerning the perpetration of the crime and the age and background of the defendant should be considered. E. g., *State v. Powell*, 71 Idaho 131, 227 P.2d 582 (1951). Other considerations which the Supreme Court has indicated should be taken into account before sentencing and in determining whether to grant probation or not are as follows:

"(1) all the facts and circumstances surrounding the offense of which the defendant is convicted;

(2) whether the defendant is a first offender;

(3) the previous actions and character of the defendant;

(4) whether the defendant might reasonably be expected to be rehabilitated;

(5) whether it reasonably appears that the defendant will abide by the terms of the probation; and

(6) the interests of society in being protected from possible future criminal conduct of the defendant. *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973); *State v. Kauffman*, 94 Idaho 20, 480 P.2d 614 (1971); *State v. Gish*, 89 Idaho 334, 404 P.2d 595 (1965); *State v. Mitchell*, 77 Idaho 115, 289 P.2d 315 (1955)." *State v. Trowbridge*, 95 Idaho 640. 516 P.2d 362 (1973).