563 P.2d 42
The STATE of Idaho, Plaintiff-Respondent,

v.

Deana WALLACE, Defendant-Appellant.

STATE of Idaho, Plaintiff-Respondent,

v.

Samuel WALLACE, Defendant-Appellant.

Nos. 12257, 12258.

Supreme Court of Idaho.

April 20, 1977.

J. D. Sudweeks of May, May, Sudweeks & Fuller, Twin Falls, for defendants-appellants.

Wayne L. Kidwell, Atty. Gen., James F. Kile, Asst. Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is a consolidated appeal from the imposition of sentence upon appellants Samuel Wallace and Deana Wallace following entry of pleas of guilty and adjudications of guilt on charges of drug sale and/or possession. In the appeal of Samuel Wallace, we affirm. In the appeal of Deana Wallace, we remand for further proceedings and resentencing.

Appellants Samuel and Deana Wallace are husband and wife and in January 1976 took part in the sale of a substantial num-

ber of units of amphetamines to a state narcotics enforcement agent. The next day in their home in Jerome, Idaho, they participated in an attempt to sell approximately 16,000 units of amphetamines. They were arrested and Samuel was charged with two counts of delivery of amphetamines and one count of possession with intent to deliver. Deana was charged with one count of possession with intent to deliver. Both appellants entered pleas of guilty to the respective charges.

Appellants do not deny that they were represented by counsel at all stages in the proceeding. They do not deny that the opportunity for preliminary hearing was waived. There is no contention of any constitutional defect in the pre-arrest, post-arrest or court proceedings. Although there is some suggestion that Deana Wallace may have denied guilt, the record does not support that assertion. At best, the presentence report indicates that she denied guilt to the presentence investigator. We are not favored with a record of proceedings at arraignment nor at the taking of defendant's plea or the proceedings at the adjudication of guilt. Appellants bear the burden of providing this Court with an adequate record which documents and supports their contentions. The appellant bears the burden of demonstrating error in the lower court. *Glenn Dick Equipment Co. v. Galey Const., Inc.,* 97 Idaho 216, 541 P.2d 1184 (1975); *Weaver v. Sibbett,* 87 Idaho 387, 393 P.2d 601 (1964). In the absence thereof we will not presume error.

The sole assignment of error on appeal is that the district judge abused his discretion in sentencing each appellant to ten years on each count. In the case of Samuel Wallace, the sentences for the three counts were to run concurrently. Deana Wallace was sentenced to ten years on her one count. Although appellants suggest that the presentence reports furnished the trial judge prior to the imposition of sentence were inadequate, we will not entertain such assertion at this late date. The record discloses that at the time of sentencing, appellants and their counsel were fa-

miliar with the contents of the presentence reports, were asked if they had any objections or corrections thereto and stated that they had none.

Those presentence reports disclosed that neither appellant had been previously convicted of felonies. They also disclosed that appellants had been employed, were permanent residents of Jerome and owned the home in which they lived. While the presentence reports may not be considered models of perfection, they certainly supplied the trial judge with all information necessary for the utilization of his discretion in sentencing these appellants. Further, they meet the standards previously directed by this Court. *See,* I.C. § 20–220; *State v. Gowin,* 97 Idaho 146, 540 P.2d 808 (1975); *State v. Mansfield,* 97 Idaho 138, 540 P.2d 800 (1975); *State v. French,* 95 Idaho 853, 522 P.2d 61 (1974).

Following the sentencing of the appellants, they were remanded to the custody of the sheriff and the trial court then passed to other matters on its docket. A short time thereafter appellants' counsel re-entered the courtroom and addressed the judge. He expressed shock at the sentence which the trial judge had imposed on appellants and suggested that the court consider retaining jurisdiction for 120 days in accordance with I.C. § 19–2601. This the trial court declined to do and made the following statement:

"Well, Mr. May this drug situation in and around Jerome County and Twin Falls County has reached such proportions that we have got to protect the rest of the public. Now I recognize that this is a first offense; but I also recognize that they were involved in some of the biggest transactions that this area has ever seen, that Mrs. Wallace was actually a contact for the man bringing it in and then Mr. Wallace was peddling it."

It is appellants' contention that the trial judge thereby took into consideration elements which were not formally before him and in so doing abused his discretion. Officers of our judicial system are not

monks living in cells, but rather people living in society with the ability to see and hear. Insofar as the criminal justice system is concerned, a trial judge sits at the juncture of the law enforcement and the judicial systems. To say that a judge may not utilize knowledge gained from his official position as to the number of certain types of criminal transactions that he has observed in the courts within his judicial district and the quantity of drugs therein involved would require him to close his eyes and ears to the real world.

We note, however, that there appears to be no basis in the record for the trial judge's remark relating to the defendant Deana Wallace's specific involvement in this particular transaction, i. e., the contact with the supplier. We are aware, as heretofore stated, that the record before us does not contain all the proceedings involving these appellants. As the record does not reflect whether the trial judge had any valid reason based on prior proceedings to warrant such a statement we consider it the better part of judicial discretion to remand the case of Deana Wallace to the district court for additional proceedings. Upon remand and upon motion therefor by appellant Deana Wallace or respondent State of Idaho or upon the court's own motion, the court is directed to hold a hearing in mitigation or aggravation pursuant to I.C. § 19–2515. Thereafter the court is directed to resentence appellant Deana Wallace. In the event she shall be sentenced to a term of imprisonment, the trial judge is directed to give consideration and allowance for such time she has been incarcerated following the time of the original sentencing procedure and prior to the time of resentencing.

The sentence imposed in the case of Samuel Wallace is affirmed. The sentence imposed in the case of Deana Wallace is remanded for further proceedings consistent herewith.

McFADDEN, C. J., DONALDSON and BISTLINE, JJ., and DUNLAP, District Judge (Ret.), concur.