619 P.2d 1151

STATE of Idaho, Plaintiff–Respondent,

v.

Johnathon KOHOUTEK,
Defendant–Appellant.

No. 13209.

Supreme Court of Idaho.

Dec. 4, 1980.

Eric T. Nordlof, Public Defender, Coeur d'Alene, for defendant–appellant.

David H. Leroy, Atty. Gen., Lance Churchill, Deputy Atty. Gen., Boise, for plaintiff–respondent.

DONALDSON, Chief Justice.

Three weeks after a jury trial whereat defendant–appellant John Kohoutek was convicted of armed robbery he was sentenced to an indeterminate term of imprisonment not to exceed thirty years. Kohoutek then agreed to cooperate with the prosecution by testifying against his co–defendant, Douglas Evenson, in exchange for the prosecuting attorney's promise to recommend that his sentence be reduced to ten years. Subsequently, Evenson pled guilty and was sentenced to ten years. Kohoutek and Evenson had identical criminal records having been co–defendants on their one previous felony conviction for receiving stolen property. On Kohoutek's Motion for Reduction of Sentence pursuant to I.C.R. 35, the same trial judge that sentenced Evenson reduced Kohoutek's sentence from thirty to eighteen years.

In pronouncing the reduced sentence, the trial court cited several considerations including the defendant's attempt to suborn perjury, threatening people in order to obtain perjured support for his alibi, and his having criminal charges for issuing checks without sufficient funds dropped in consideration of his likely incarceration for this robbery conviction. Kohoutek raises the issue on appeal whether the trial court abused its discretion in sentencing the defendant.

■ The sentence imposed in this case is within the statutory limit prescribed by the

Idaho State Legislature in I.C. § 18–6503. Where a sentence is imposed within the statutory limits, an appellant has the burden of showing a clear abuse of discretion on the part of the court which imposed the sentence. *State v. Seifart*, 100 Idaho 321, 597 P.2d 44 (1979); *State v. Chapa*, 98 Idaho 54, 558 P.2d 83 (1976); *State v. Cunningham*, 97 Idaho 650, 551 P.2d 605 (1976); *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973).

It is proper for a trial court in sentencing a defendant to consider evidence of his participation in criminal conduct (such as attempt to suborn perjury) for which he has not been convicted or for which an information has not been secured. *U. S. v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978); *State v. Cunningham, supra.*

The United States Supreme Court in *Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970), held that "[t]he constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences." This rule is consistent with the well accepted theory that a trial court must sentence the individual, not the crime category. *State v. Allen*, 98 Idaho 782, 572 P.2d 885 (1977). The record of the case at bar clearly reflects a difference between the co–defendants. Specifically, Kohoutek admits that he and Evenson agreed that each would seek his own alibi. Moreover, other witnesses testified that Kohoutek by himself approached them and requested that they perjure their testimony. The evidence supports the sentencing court's interpretation that Kohoutek, and not Evenson, attempted to suborn perjury. Additionally, the sentencing court properly considered evidence of Kohoutek's conduct of writing checks without sufficient funds while awaiting trial. We find no abuse of discretion by the trial court in sentencing Kohoutek.

Judgment affirmed.

SHEPARD, BAKES, McFADDEN and BISTLINE, JJ., concur.