644 P.2d 372

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert A. GREENSWEIG,
Defendant-Appellant.**

**No. 13411.**

Court of Appeals of Idaho.

April 20, 1982.

Kenneth P. Adler, Council, for defendant-appellant.

David H. Leroy, Atty. Gen., Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent; Timothy M. Walton, Deputy Atty. Gen., Boise, on brief.

BURNETT, Judge.

Upon evidence that Robert Greensweig lured a minor child to a place where sexual contact ensued, a jury found Greensweig guilty of first degree kidnapping and of assault with intent to commit rape. Judgments of conviction were entered on both charges. The district court sentenced Greensweig to a fixed term of ten years in custody of the Board of Correction for the sexual assault; and imposed a concurrent, indeterminate term not exceeding ten years for kidnapping.

Greensweig's appeal focuses upon three areas of controversy: (1) the evidence upon which he was convicted of assault with intent to commit rape; (2) the constitutionality of a gender-based rape statute; and (3) the propriety of adding a kidnapping conviction to a sex offense case. We affirm both judgments of conviction.

According to the state's evidence, Greensweig entered a church and offered an eleven-year-old girl an opportunity to earn money "putting pennies in envelopes" at a location three blocks away from the church. They drove in his car to an empty building, parked, and went inside. Greensweig threw the girl to the floor. While the girl's legs were together, he lay on her, kissed her face, and held her with one hand as he fumbled in his trousers with the other hand. She struggled, escaped, and ran to another room in the building. He caught her and threw her down a second time. As she fell, her legs were apart. He lay between her legs and opened the fly of his trousers. She felt his penis touch her thigh. He did not attempt to remove her dress or underwear. Her nose was bloodied and her forehead bruised as he pushed his hand against her face. She escaped again, ran out the door, and returned to the church where the episode had begun. Greensweig also left the building, but did not attempt to recapture her. He went to his car and drove away.

At trial, the girl identified Greensweig and described the color of his car. Other witnesses placed Greensweig at the church, gave a similar description of the car, and testified concerning the girl's facial injuries and disheveled appearance when she returned to the church. Another child identified Greensweig and testified that she had been present when he made the offer of money to the victim.

I

Greensweig argues that the victim's testimony was not sufficiently corroborated to sustain a conviction of the sexual assault. The trial occurred before our Supreme Court decided *State v. Byers*, 102 Idaho 159,

627 P.2d 788 (1981), abolishing the requirement of corroboration in sex offense cases. The nature of corroboration required before *Byers* was articulated in *State v. Adair*, 99 Idaho 703, 587 P.2d 1238 (1978). Where, as here, the character and reputation of the victim are not impeached for veracity—and her testimony is not contradictory, inconsistent with admitted facts, or inherently improbable—corroboration may take the form either of direct evidence or of evidence regarding circumstances surrounding the offense. *Id.* at 705, 587 P.2d at 1240. The court in *Adair* further held that such corroboration

> ... need only *tend to support* [the victim's] testimony that the offense was committed and make it *appear probable* that the accused was the perpetrator. [Emphasis original. 99 Idaho at 707, 587 P.2d at 1242.]

We hold that the evidence from other witnesses in this case supported the victim's testimony, and made it appear probable that Greensweig was the perpetrator of the sex offense charged. We conclude that the corroboration requirement was satisfied.

■ Greensweig next argues that the trial court erred in limiting testimony by a psychologist concerning Greensweig's sexual intent during the assault. The object of the testimony was to show that Greensweig's intent may not have included rape, but may have extended no further than the sexual contact that actually occurred. The court allowed the psychologist to testify about diversity of normal and abnormal sexual practices, and to state that intercourse is not always the intended result of sexual activity. However, the court excluded testimony by the psychologist that he could not form an opinion on Greensweig's intent during the incident in question. The court ruled that such testimony would not aid the jury, and might have a prejudicial effect, on the ultimate issue of intent.

The admissibility of opinion testimony rests in the discretion of the trial court. *E.g., State v. Crook*, 98 Idaho 383, 565 P.2d 576 (1977). Absent an abuse of discretion, exclusion of opinion testimony by an expert,

on a question ultimately to be decided by the jury, will not be disturbed on appeal. *State v. Griffiths*, 101 Idaho 163, 610 P.2d 522 (1980). The instant case presents something of a nuance—testimony that an expert did *not* have an opinion. In our view, if the testimony was offered simply to emphasize the variety of sexual behavior patterns, it was cumulative with other testimony allowed by the trial court. However, insofar as the testimony was offered to suggest that the jury could form no opinion as to Greensweig's intent, we hold that exclusion of the testimony was within the trial court's sound discretion.

■ In a related argument, Greensweig contends that the evidence was insufficient to support an inference that he intended to rape the girl. We disagree. The jury is permitted to draw all justifiable inferences from the evidence presented. *State v. Erwin*, 98 Idaho 736, 572 P.2d 170 (1977). On appeal, where a defendant stands convicted, our task is to determine whether the conviction is supported by substantial evidence. We view the evidence most favorably to the prosecution. *State v. Cypher*, 92 Idaho 159, 438 P.2d 904 (1968). Greensweig restrained the girl by force, and touched her on the thigh with his penis, before she escaped. We cannot say that the jury unjustifiably inferred an intent to have sexual intercourse with the girl. We conclude that the conviction for assault with intent to rape is supported by substantial evidence, including justifiable inferences. It will not be set aside.

## II

Greensweig also challenges his conviction for the sexual assault on constitutional grounds. Idaho Code § 18–907, prohibiting assault with intent to commit rape, incorporates the rape statute, I.C. § 18–6101. Greensweig contends that the rape statute violates his right to equal protection of the laws, under the Fourteenth Amendment to the United States Constitution, because it is gender-based, prescribing penalties only for acts of a male against a female. This contention was not raised before the trial

court. However, the state requests that the issue be decided in this appeal, to obviate the possibility of considering it later, in the context of application for post-conviction relief.

Not all discriminatory classifications, even those based on gender, are constitutionally impermissible. A gender-based classification will be upheld if it bears a substantial relationship to a legitimate and important state objective. *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). The classification itself may be based upon the dissimilar situations of the sexes in certain circumstances. *E.g., Parham v. Hughes*, 441 U.S. 347, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979).

Rape, by definition, is an act of sexual intercourse, in which the body of a female is penetrated. I.C. §§ 18–6101-6103. The sexes are not similarly situated with respect to the act of rape. Nature has provided that only a male can accomplish the penetration by sexual intercourse. A female might aid or abet a rape; or she might violate the body of another person by means other than sexual intercourse. But she is physiologically incapable of the act of rape in the sense denoted here. When such an act occurs, a male is the actor. We believe this dissimilarity between the sexes constitutes an adequate basis for classifying males as the only persons subject to prosecution under the Idaho rape law.

Further, we deem it beyond dispute that protection of women from rape is a legitimate, important state objective. Rape is a peculiarly degrading form of assault. It often results in a profound, enduring emotional trauma that only its victims can fully comprehend. Moreover, unlike any other crime that might be committed against a victim of either sex, rape forcibly imposes upon females the unique risk of unwanted pregnancy. The consequences of rape are not gender-neutral. We hold that the gender classification embodied in the rape law bears a substantial relationship to the law's protective purpose.

Our holding is consistent with the result reached by the United States Supreme Court in *Michael M. v. Sonoma County Superior Court*, 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981). *Michael M.* involved sexual relations between two minors. The constitutional challenge there focused on a California "statutory rape" law, under which only the male child could be punished for the sexual conduct. In that set of facts, a gender-based classification was put to its most rigorous test, and was sustained by a divided court. In the present case, Greensweig's challenge to the Idaho rape law derives from his attack upon a conviction for a sexual assault. The relationship between the male aggressor and the female victim here is sharply different from the relative equipoise that arguably existed between the two minors in *Michael M.* In our view, if a gender-based classification could withstand scrutiny in *Michael M.*, it must be upheld in this case. We reject Greensweig's constitutional challenge to his conviction for the sexual assault.

### III

Finally, Greensweig questions the propriety of adding a conviction for first degree kidnapping to the conviction for the sexual assault. Idaho Code § 18–301 prohibits imposing more than one punishment for the "same act or omission." The statute has been construed to protect a defendant from conviction of two offenses for the same acts. *State v. Brusseau*, 96 Idaho 558, 532 P.2d 563 (1975).

However, the mere fact that two crimes arise from the same sequence of events is not sufficient to invoke the protection of the statute. In *Daugherty v. State*, 102 Idaho 782, 640 P.2d 1183 (Ct.App.1982), we upheld separate convictions of burglarly and larceny because the "acts" constituting each crime were different, even though they occurred as part of the same general incident. Similarly, in *State v. McCormick*, 100 Idaho 111, 594 P.2d 149 (1979), our Supreme Court sustained separate convictions of burglary and rape arising from a

related chain of events. *See also State v. Werneth*, 101 Idaho 241, 611 P.2d 1026 (1980), *cert. denied*, 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 118 (1981); *State v. Horn*, 101 Idaho 192, 610 P.2d 551 (1980).

We believe the instant case invites the same analysis. Idaho Code § 18–4501(2) defines kidnapping to include leading, taking, enticing away or detaining "a child under the age of sixteen (16) years, with intent to keep or conceal it from its parent. . . ." In contrast, assault with intent to commit rape is comprised of all elements of rape except penetration. *E.g., State v. Garney*, 45 Idaho 768, 265 P. 668 (1928). The elements of enticement and concealment—which confront us on the evidence of this case and afford the basis of a kidnapping conviction—are different from the requisite elements of assault with intent to commit rape. One crime could have occurred without committing the other. We hold that conviction of both offenses did not violate I.C. § 18–301.

In a related argument Greensweig urges that the risk of extra punishment for kidnapping could not be justified on the facts of this case. If the kidnapping conviction had resulted in punishment beyond that imposed for the underlying sex offense, it would have been appropriate to weigh the increased gravity of the incident, attributable to the elements of kidnapping, against the severity of the extra penalty imposed. However, as noted earlier, the sentence in this case for kidnapping was concurrent with, and for a term not exceeding the duration of, the sentence for assault with intent to commit rape. Neither Greensweig nor the state has appealed these sentences. No additional punishment has resulted from the extra conviction. We decline to disturb an otherwise valid conviction merely because it put Greensweig at risk of greater punishment than he actually received.

The judgments of conviction are affirmed.

WALTERS, C. J., and SWANSTROM, J., concur.