**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48710**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 16, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KURT ALLEN MOROZKO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Scott L. Wayman, District Judge.

Order denying motions to take judicial notice and for new trial, <u>affirmed</u>.

Kurt Allen Morozko, Eloy, Arizona, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Kurt Allen Morozko appeals from the district court's order denying his motions to take judicial notice and for a new trial. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Morozko guilty of three counts of unlawful discharge of a firearm at an occupied building, I.C. § 18-3317, and two counts of possession of a controlled substance, I.C. § 37-2732. This Court affirmed Morozko's judgment of conviction in an unpublished opinion. *State v. Morozko*, Docket No. 46689 (Ct. App. Sept. 28, 2020).

1

Morozko subsequently filed a motion requesting judicial notice of "records, exhibits and transcripts from the case file" and a motion for new trial,[1] arguing that materials "located on [evidence discs] after trial" or allegedly "not disclosed until after trial" constituted newly discovered evidence that entitled him to a new trial. The district court denied Morozko's motions without a hearing, concluding (among other things) that Morozko had not identified any "specific items" or "adjudicative facts" for judicial notice and failed to satisfy any of the elements necessary to obtain a new trial. Morozko appeals.

## II.

## STANDARD OF REVIEW

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). The decision to take judicial notice of an adjudicative fact is also reviewed for an abuse of discretion. *Newman v. State*, 149 Idaho 225, 226, 233 P.3d 156, 157 (Ct. App. 2010). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Morozko argues that the district court erred by denying his motions for judicial notice and for a new trial without holding a hearing before denying the motions. The State responds that Morozko has failed to provide a sufficient record to substantiate his claims on appeal and has otherwise failed to show error in the denial of either motion. We hold: (1) Morozko has failed to show error in the district court's order denying his motion for judicial notice because he failed to provide the necessary information to support a request for judicial notice or timely request to be

---

[1] This was Morozko's second motion for new trial. The district court denied Morozko's first motion for new trial prior to his initial appeal.

2

heard on that motion; and (2) Morozko has also failed to show error in the district court's determination that his motion for new trial did not disclose newly discovered evidence unknown to him at the time of trial. The district court's orders are, therefore, affirmed.

## A. Record on Appeal

Initially, we address the State's argument that Morozko has failed to provide a sufficient record to support appellate review of his claims. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

The State asserts that it is "impossible for . . . this Court to analyze, the merits of Morozko's appellate challenges" due to the condition of the record on appeal. In support of this assertion, the State describes the documents Morozko submitted with his motions for judicial notice and for a new trial--noting that the documents consist of "dozens of indecipherable photographs, lists of computer files contained on a USB media drive, exhibits that were admitted at the trial . . ., other state firearm analysis documents, jail inmate request forms, academic reference materials, and witness statements." Some of the documents allegedly contained on the USB media drive were not submitted to the district court with Morozko's motions but, rather, were identified as being "available upon request." Other than the conclusory assertion that this record is insufficient "to fully review Morozko's claims raised on appeal," the State does not elaborate specifically what aspects of the district court's decisions denying Morozko's motions are unreviewable due to the condition of the record. Ultimately, we need not resolve the State's challenge to the sufficiency of the record because, as set forth below, the record is sufficient to affirm the denial of both Morozko's motion for judicial notice and motion for new trial.

## B. Judicial Notice

Idaho Rule of Evidence 201(b) authorizes a court to take judicial notice of an adjudicative fact when the fact is capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. Under I.R.E. 201(c), a court must take judicial notice of records, exhibits, or transcripts from the court file in the same or a separate case if a party so requests and supplies the court with "the necessary information." To provide the necessary information, the

party requesting judicial notice must "identify the specific items for which judicial notice is requested or offer to the court and serve on all parties copies of those items." I.R.E. 201(c). A court may, without a request, take judicial notice of its own record in the case before it. *Larson v. State*, 91 Idaho 908, 909, 435 P.2d 248, 249 (1967). If a party makes a timely request, that party is entitled to be heard "on the propriety of taking judicial notice and the nature of the fact to be noticed." I.R.E. 201(e).

Idaho Rule of Evidence 201(c), by its terms, requires specificity in the identification of what documents or items the district court is to notice. *See, e.g.*, *Taylor v. McNichols*, 149 Idaho 826, 835, 243 P.3d 642, 651 (2010). The Idaho Supreme Court has held that, where a party is requesting judicial notice of a document or items, the party must state with particularity what he or she is asking the court to notice. *Id.* at 835, 243 P.3d at 652. Where a party does not meet this requirement, it is improper for a court to take judicial notice under I.R.E. 201(c). *Taylor*, 149 Idaho at 835, 243 P.3d at 652. If a party fails to specify which material from the underlying case he or she is seeking to have noticed, judicial notice is not mandatory. *See id.* (holding that, where it was erroneous for the district court to take judicial notice, such notice was not mandatory).

Morozko's motion for judicial notice sought an order taking "judicial notice of records, exhibits and transcript from the case file."[2] The district court denied Morozko's motion for judicial notice without a hearing, expressly noting that the motion was "appropriate to be decided without" one. In denying Morozko's motion for judicial notice, the district recognized that I.R.E. 201 is limited to judicial notice of adjudicative facts and that judicial notice is appropriate only if the requesting party has supplied the necessary information to support its request for judicial notice. The district court determined that Morozko's motion for judicial notice "failed to comply with [I.R.E.] 201" because, among other things, the motion failed "to identify any adjudicative facts" or "the location of the listed items in the record" by, for example, "setting out their respective

---

[2]      Morozko's motion did not expressly identify specific items to be judicially noticed. Rather, the motion referenced an "attached list of items from the case file . . . included with this request." The list indicated that some of the items enumerated therein were included with Morozko's motion for new trial and others were exhibits from the case file that were "available on request." None of the items listed, however, were attached to the motion for judicial notice.

filing dates where applicable." Consequently, the district court denied Morozko's motion for judicial notice.

Morozko first faults the district court for denying his motion for judicial notice without holding a hearing. According to the plain language of I.R.E. 201(e), a party must make a *timely request* to be heard in relation to a motion for judicial notice to be entitled to a hearing. Morozko asserts he made the necessary request to be heard. The record belies this assertion. The notice of hearing contained in the appellate record indicates that Morozko sought a hearing only in relation to his motion for new trial, not his motion for judicial notice. Because the record does not indicate that Morozko timely requested a hearing on his motion for judicial notice, he has failed to show the district court erred by denying his motion without a hearing.

Morozko further argues that the district court erred by denying his motion because the items he sought to have judicially noticed were "true and correct copies from the State's case file." As previously stated, a party must provide the trial court with "the necessary information" to support a request for judicial notice. I.R.E. 201; *see also Rome v. State*, 164 Idaho 407, 414, 431 P.3d 242, 249 (2018) (interpreting what is now designated as I.R.E. 201(c)(2)). To satisfy this requirement, the party seeking judicial notice of a record, exhibit, or transcript must identify the adjudicative fact or facts contained in the items to be judicially noticed that are relevant to the issues before the court. *See Rome*, 164 Idaho at 414, 431 P.3d at 249. Even if I.R.E. 201 authorized trial courts to take judicial notice of materials from "the State's case file,"[3] Morozko did not identify a relevant adjudicative fact that the district court was to judicially notice. Consequently, Morozko has failed to show error in the denial of his motion for judicial notice.

## C. New Trial

Morozko also contends that the district court erred by denying his motion for new trial based upon newly discovered evidence without holding a hearing.[4] A motion for new trial based

---

[3] Notably, I.R.E. 201 applies to judicial notice of adjudicative facts and records, exhibits, or transcripts from the *court file*, not files created or maintained by the State or prosecutor.

[4] The State notes in its appellate brief that Morozko "appeared to assert" various claims in support of granting a new trial in his motion filed with the trial court, in addition to newly discovered evidence. However, the district court interpreted Morozko's motion as seeking a new trial solely due to newly discovered evidence, analyzing and denying it as such. Moreover,

5

on newly discovered evidence is disfavored and should be granted with caution, reflecting the importance accorded to considerations of repose, regularity of decision-making, and conservation of scarce judicial resources. *State v. Jimenez*, 159 Idaho 466, 473, 362 P.3d 541, 548 (Ct. App. 2015). A motion for new trial based on newly discovered evidence must disclose that: (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to learn of the evidence was due to no lack of diligence on the part of the defendant; (3) the evidence is material, not merely cumulative or impeaching; and (4) it will probably produce an acquittal. *State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976).

We begin with Morozko's argument that the district court abused its discretion and violated his due process rights by denying his motion for new trial without first holding a hearing.[5] Although Morozko filed a written notice of hearing seeking to be heard on his motion for new trial, the district court denied the motion without a hearing after concluding it was "appropriate to be decided without further hearings." According to Morozko, this constituted an abuse of discretion and violated his right to due process. We disagree.

Neither I.C.R. 34 nor I.C. § 19-2406, both of which apply to a motion for new trial, expressly require a hearing on such a motion. Morozko has neither cited relevant authority supporting his assertion that due process mandated a hearing on his motion for new trial, nor has he presented more than a conclusory assertion that denying him a hearing on his motion for new trial constituted an abuse of discretion. A party forfeits an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Consequently,

---

Morozko does not argue that the district court erred in denying his motion for new trial because of any error related to the other claims the State recognized. Consequently, we will not address these other ostensible claims.

[5]   Morozko also argues that the State's failure to file a memorandum supporting its objection to his motion for new trial precludes consideration of "the State's objection" and, consequently, "should not be considered on appeal." As the appellant, Morozko bears the burden of demonstrating error on appeal. *See State v. Wallace*, 98 Idaho 318, 320, 563 P.2d 42, 44 (1977). The State need not cite legal authority or provide cogent argument for this Court to affirm the denial of Morozko's motion for new trial. *See Allen v. Campbell*, 169 Idaho 125, 129, 492 P.3d 1084, 1089 (2021).

Morozko has forfeited consideration of whether the denial of his motion for new trial without a hearing was error.

We next address Morozko's argument that the district court erred in denying his motion for new trial. Morozko's brief in support of his motion for new trial exceeds forty handwritten pages in length and was accompanied by more than one hundred pages of supporting documentation, including dozens of obscured copies of photographs, trial exhibits, state firearm analysis documents, jail inmate request forms, academic reference materials, witness statements, and a list of computer files contained on a USB media drive. The district court determined that these voluminous filings failed to satisfy any of the four prongs of the *Drapeau* test, observing that:

> Morozko has not alleged, much less shown, a viable basis for a motion for a new trial based upon newly discovered evidence. He has not explained how any evidence was newly discovered. He has not claimed that at the time of trial, he was unaware of the existence of such evidence. He does not state how or when he became aware of [the evidence] or how or when it came into his possession. He has not indicated why he could not have learned about it with reasonable diligence at the time of trial.

The district court further observed that:

> Morozko claims that certain evidence was not discovered by him until after trial. Such a statement could mean that he neglected to review evidence in his possession at trial until after the trial's conclusion, and that his post-trial review of that evidence resulted in a greater understanding of that evidence--that greater understanding being expressed by him as "newly discovered evidence."

The district court noted that this would not constitute newly discovered evidence under *Drapeau* and that Morozko's failure to make "the showing mandated by *Drapeau*" prevented determination of the precise meaning of his assertion that he possessed "newly discovered evidence." Additionally, the district court determined that Morozko failed to disclose "any newly discovered evidence that was material, not merely cumulative or impeaching," or that would probably result in his acquittal if retried. Accordingly, the district court denied Morozko's motion for new trial.

Morozko challenges the district court's application of each prong of the *Drapeau* test. Because we affirm the district court's determination that Morozko failed to disclose any newly discovered evidence that was unknown to him at the time of trial, it is unnecessary to address his other arguments. *See State v. Pugsley*, 119 Idaho 62, 63, 803 P.2d 563, 564 (Ct. App. 1991)

(observing that a motion for new trial based upon newly discovered evidence fails if a single element of the *Drapeau* test is not satisfied).

In Morozko's brief supporting his motion for new trial, he claimed that "multiple pieces of evidence were not disclosed" to him prior to trial. Morozko's appellate brief focuses on a portion of the materials he submitted with his motion for new trial to support his argument that his motion disclosed newly discovered evidence, including part of the list of computer files allegedly contained on a USB drive that were "available upon request" and "photographs of ballistics evidence" purportedly showing that "these bullets do not match." Other than vague, conclusory assertions that these materials were "located" after trial or were "not disclosed" prior to trial, Morozko does not affirmatively claim he was unaware of these materials prior to trial[6] or, even if he was unaware of the materials, does not describe how he became aware of them after trial. Moreover, not only are the copies of these photos in the appellate record so obscured as to be indecipherable, Morozko has neither identified the source of the supposed bullets depicted therein (other than making the vague assertion that some are "'test fires' from evidence") nor explained the significance of the purported mismatch between the bullets to the crimes of which he was convicted. To the contrary, Morozko failed to even authenticate the photos or other materials as evidence relevant to this case. Thus, Morozko's photos and other materials submitted with his motion for new trial do not constitute admissible evidence that the district court could rely upon to grant a motion for new trial. *See* I.R.E. 901 (requiring "evidence sufficient to support a finding that the item is what the proponent says it is"). For all the above reasons, Morozko has failed to show error in the district court's determination that his submissions accompanying his motion for new trial did not constitute newly discovered evidence.

---

[6]     Notably, the list of materials allegedly contained on the USB drive that Morozko submitted with his motion for new trial indicates that the materials were found on "evidence disks" bearing the same identification numbers as disks the prosecution disclosed to Morozko's then counsel months in advance of trial. Additionally, Morozko acknowledges in his appellate brief that he received the photos of ballistics evidence on November 30, 2018. This is eleven days prior to the first day of his trial, which began on December 11, 2018. Furthermore, the date Morozko alleges that he received the ballistics evidence is only two days after the district court granted his court-appointed attorney leave to withdraw as counsel. Thus, it appears that most, if not all, of the allegedly newly discovered evidence Morozko cites on appeal was in his possession prior to trial.

## IV.
## CONCLUSION

Morozko failed to provide the necessary information to support a motion for judicial notice or timely request to be heard on that motion. Thus, Morozko has failed to show error in the district court's order denying his motion for judicial notice. Morozko has also failed to show error in the district court's determination that his motion for new trial did not disclose newly discovered evidence unknown to him at the time of trial. Consequently, the district court's order denying Morozko's motion for judicial notice and for new trial is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.